JOHN A. PACKARD & Co., Appellants, *vs.* ALBERT G. SMITH.

APPEAL FROM CIRCUIT COURT, JACKSON COUNTY.

Heard July 20.]                    [Decided August 2, 1859.

### *Judgment—Practice—Appeal—Orders—Decrees.*

A person not a party to the record of a judgment cannot move the court to vacate the judgment for irregularities committed in entering up and docketing it.

Upon an appeal from an order made on a motion by a stranger to the record, vacating the judgment, the supreme court will not examine into the regularity of the entry of the judgment; and it makes no difference, that the party making the motion has become a subsequent purchaser of lands upon which the judgment has become a lien.

The case of *Wood vs. Clark*, 6 Wis., considered and approved.

The facts in this case are sufficiently stated in the opinion of the court.

*John J. Cole,* for appellants.

*Dennison & Lyndes,* for respondent.

*By the Court,* COLE, J. The order of the circuit court vacating and setting aside the judgment in this cause must be reversed. It appears that the judgment was entered up, on a warrant of attorney, executed by Smith, on the 13th day of January, 1857. The warrant of attorney is in the usual form, authorizing John Barker, or any other attorney of a court of record, to appear for him, waive service of process and confess judgment in favor of the appellants, for the amount due upon a promissory note given by Smith, on that day, to Packard & Co., for the sum of $2,314 94, and made payable one day after date. On the next day, the 14th of

January, judgment was entered, by virtue of this warrant of attorney, upon the note for the amount therein specified. Some two years afterwards, an application was made by Hiram Price, a stranger to the record, to have this judgment set aside, and that motion was granted. The ground of this application is, that one Wm. T. Price, on the 14th of March, 1857, purchased of Smith certain real estate upon which this judgment would be a lien, after he had examined, as he stated in his affidavit, the judgment records and dockets kept in the office of the clerk of the circuit court of Jackson county, for the purpose of ascertaining whether there was any judgment docketed therein against Smith, and finding none; and Hiram Pierce, subsequently to the filing of the judgment and docketing the same, became the purchaser of this real estate. Indeed the abstract of title sent up among the papers shows that he even purchased this land after an execution had been issued, and a levy made upon a certain portion of it. And although it is not pretended that there is any collusion between Smith and the appellants; and even though the existence and justice of the amount of indebtedness mentioned in the note given by Smith, to the appellants, and for which the judgment was entered, are not called in question; still the circuit court entertained the application of a stranger to the record, and set aside the judgment. In this we are clearly of the opinion that that court erred.

Several objections were taken, upon the argument of this cause, to the regularity and validity of this judgment; to the time at which it was entered; and that it was not properly signed by an officer authorized to sign the record of judgment by the laws of this state; and was not docketed in the judgment docket book until nine months after it was entered up in the clerk's office, &c. Whether any or all of these objections to the judgment are of a character which would authorize the court in setting it aside, on the application of

the judgment debtor, the person directly and immediately affected by such judgment, we are not now called upon to decide. Smith does not complain of this judgment, nor object to the time and manner at and in which it was entered. He appears to be satisfied with the judgment. Why then should a stranger to the record, one who is not in any sense a party to the suit, be suffered to come in, on motion, and set this judgment aside ? We certainly know of no good practice which would authorize it. And we think the application should not have been entertained, see the cases of *Wood vs. Clark*, 6 Wis. R., 509; *Lowber & Wilber's Appeal*, 8 Watts & Serg. R., 387; *Dexter's Appeal*, Barr, Penn. St. R., 272; *Hauer's Appeal*, 5 Watts & Serg., 473.

In this case Hiram Price acquired his interest in the property with his eyes open, and the record of the court before him showing that the judgment became a lien on the land previous to the time he purchased it, if it ever did ; and he ought not to be permitted to disturb it in this manner.

The order of the circuit court vacating and setting aside the judgment in this cause is therefore reversed.