THE ÆTNA INSURANCE COMPANY VS. ALDRICH and others.

38    107
54 LRA 765n
54 LRA 767

VACATING JUDGMENT. (1) *Reversal of foreign judgment; effect on domestic judgment founded thereon.* (2) *Party cannot complain of harmless order.* (3–5) *Who entitled to have a judgment vacated.*

LACHES. (6) *Neglect to stay proceedings on taking writ of error, not laches.*

1. Where a New York judgment was reversed after a judgment founded thereon had been rendered in a court of Wisconsin, *quære*, whether it was necessary to have the latter judgment set aside before moneys paid upon it could be recovered of the plaintiff therein.
2. If the order setting such judgment aside was unnecessary, it was harmless, and affords the judgment plaintiff no ground of complaint.
3. As a general rule, none but *parties* to a judgment can have it set aside.
4. But where the *nominal* party to an action is not the *real* party in interest, the latter is treated as having a standing in court, and may have control of the action.
5. While a New York action against A., S. & Co. was pending, M. Bros., for value, covenanted with that firm to discharge all its indebtedness and liability, and indemnify it against said action, and pay any judgment which should be rendered against it therein. After a judgment against A., S. & Co., in said action, had been affirmed by the New York court of appeals, the cause was removed by writ of error to the supreme court of the United States, but no *supersedeas* bond given; and that court reversed the judgment. While the cause was pending in the federal court, judgment against A., S. & Co. was recovered in Wisconsin upon the New York judgment, and was *paid* by M. Bros. *Held*, that the latter were the real parties in interest as defendants, and entitled to a hearing on their application to vacate the Wisconsin judgment. *Packard v. Smith*, 9 Wis., 184, distinguished.

The Ætna Insurance Company vs. Aldrich and others.

6. A party is not chargeable with *laches* for failing to give a *supersedeas* bond on suing out a writ of error; nor in this case can M. Bros. be charged with *laches* for neglecting to obtain a stay of proceedings in the Wisconsin action against A., S. & Co.; especially as the granting of such a stay rests largely in the discretion of the court.

APPEAL from the County Court of *Milwaukee* County.

The *Ætna Insurance Company*, in August, 1858, obtained a judgment in the superior court of Buffalo, New York, against William Aldrich and others composing the firm of Aldrich, Smith & Co. This judgment was affirmed by the court of appeals of New York, in December, 1862. See 26 N. Y., 92. In 1863, the cause was removed by writ of error to the supreme court of the United States, but no *supersedeas* bond was given. The judgment was reversed by the last named court at its December term, 1869. See 8 Wallace, 491.

In November, 1863, after the writ of error, the insurance company brought suit on the Buffalo judgment, in the county court of Milwaukee county, in this state, against Aldrich, Smith & Co., and on January 3, 1865, recovered judgment thereon.

"In 1862, the firm of *Mann Bros.* purchased all the property and assets of the firm of Aldrich, Smith & Co., and executed to such firm a bond of indemnity conditioned to pay and discharge all the indebtedness and liability of Aldrich, Smith & Co., and especially to indemnify and save them harmless against the said suits and actions therein before recited, and to pay and discharge all such judgments as should be rendered against Aldrich, Smith & Co., in said actions. It is admitted that this obligation included, and was intended to include, the action of the insurance company against the obligees in the bond, which was then pending in the courts of New York." *

On the 18th of April, 1865, *Mann Bros.* paid to plaintiff the

---

*This paragraph originally formed a part of the opinion of Mr. Justice COLE.

amount of the judgment in the Milwaukee county court. After the decision of the supreme court of the United States, and upon plaintiff's refusal to refund the money so paid by *Mann Bros.*, the respondents, survivors of that firm, moved the Milwaukee county court to vacate its judgment. The motion was granted; and plaintiff appealed.

*Finches, Lynde & Miller*, for appellant, argued that the *Manns* were not parties to the suit, and were strangers to the record. Aldrich & Co. do not complain of the judgment rendered against them. It does not appear that they took any steps to defend the suit in the county court, or to stay proceedings therein pending the appeal from the original judgment. If they are contented with the judgment, all other parties must be. It is a general rule, that none but the parties to a judgment can have it set aside. Freeman on Judgments, § 91. 2. The general rule is, that a party who is injured by or through his own neglect, can not have relief from a judgment against him. The defendants, Aldrich, Smith & Co., were guilty of neglect, within this rule, in not obtaining a *supersedeas*, and also in not applying to the county court for a stay of the proceedings pending the appeal. No excuse is offered for this. It seems clear that, because of their neglect, the defendants could not, by *audita querela*, obtain relief from the judgment. *Thatcher v. Gammon*, 12 Mass., 270; *Griswold v. Rutland*, 23 Vt., 324; *Barker v. Walsh*, 14 Allen, 172; *Goodrich v. Willard*, 11 Gray, 380; *Faxon v. Baxter*, 11 Cush., 35; *Merrit v. Marshall*, 100 Mass., 244. And certainly the *Manns* are not in a better position, in this respect, than the judgment defendants. 3. *Mann Bros.* paid the judgment with full knowledge of the facts, and without any seizure of property on either mesne or final process. It was a *voluntary* payment, and there can be no recovery. *R. R. Co. v. Soutter*, 13 Wall., 524; *Town of Ligonier v. Ackerman*, 46 Ind., 562.

*Jenkins, Elliott & Winkler*, of counsel for respondent, to the objection that none but parties or privies to the record could

move, insisted that the rule is not without exceptions. The issues made in the action by the real parties, and the actual interests involved, determine who are bound by the judgment, and, of course, who can seek relief from it; and evidence may always be received to determine the fact. 'Freeman on Judgments, §§ 174–190; *Valentine v. Mahoney*, 37 Cal., 389; *Tarleton v. Johnson*, 25 Ala., 300; *Lowber v. New York*, 26 Barb., 262; *Shirley v. Fearne*, 33 Miss., 653. *Mann Bros.* were privies to the action. They had bound themselves to pay the judgment and to indemnify defendants. They assumed the defense, and were bound to pay if unsuccessful in that defense. They have a right to all the remedies to which defendants would be entitled. *Whitney v. Brunette*, 15 Wis., 67.

Cole, J. The counsel for the moving party in this proceeding (the firm of *Mann Bros.*) claim that their clients are entitled to recover back from the insurance company the amount which was paid by them on the judgment recovered by the company in the county court of Milwaukee county, on the 3d of January, 1865, against the firm of Aldrich, Smith & Co. The judgment in the county court was founded upon the judgments of the courts of New York mentioned in the motion papers, which were reversed by the supreme court of the United States at the December term, 1869. On the reversal of the New York judgments, it is insisted, the insurance company was equitably and legally bound to refund the money so paid by the firm of *Mann Bros.* And the counsel, in their practice, have proceeded upon the assumption that so long as the judgment of the county court appeared upon the record to be unreversed, it would operate as an estoppel upon *Mann Bros.* to recover the money paid thereon; and hence the application to have the judgment vacated.

We are not entirely clear upon the question of practice, that it was essential that the judgment in the county court should be vacated before *Mann Bros.* could maintain their action

against the insurance company. Upon the facts stated in the petition, and which are admitted by the counsel for the company, a doubt might well arise whether an order vacating the judgment was necessary before *Mann Bros.* could recover back the money paid thereon. But this point need not be dwelt upon, for the reason that if the order vacating the judgment was unnecessary, then it is harmless and affords the company no just grounds of complaint.

But, assuming that the judgment of the county court, not vacated upon the record, would operate as an estoppel, the question arises, Was it regular and proper to vacate it on the application of the moving party? The firm of *Mann Bros.* were not parties to the suit of the insurance company against Aldrich, Smith & Co.; and it is claimed by the learned counsel assailing the correctness of the order, that they were mere strangers to the record, and had no right to interfere with the judgment, or to ask that it be set aside. And the general rule laid down by Freeman on Judgments, in section 91, is cited and relied on in support of the position that none but the parties to a judgment can have it set aside. That author, in the section referred to, states the rule of law as follows:

"As a general rule, none but the parties to a judgment can have it set aside. Every litigant, if an adult, is presumed to understand his own interests, and to be fully competent to protect them in the courts. He has the right to waive all irregularities in proceedings by which he is affected, and is entitled to exclusively decide upon the propriety of such waiver. To allow disinterested third persons to interpose in his behalf and to undertake the management of his business, according to their judgment, would create intolerable confusion and annoyance, and produce no desirable result. To permit third persons to become interested after judgment, and to overturn adjudications to which the original parties made no objection, would encourage litigation and disturb the repose beneficial to society. Therefore, if the defendant be the real as

well as the nominal party affected, as long as he is satisfied with the judgment, all other persons must be. None of his subsequent assignees can complain for him."

This is the general rule, undoubtedly. But this rule has its exceptions, as the same author shows by the illustrations given in the next section. See *Lowber v. Mayor of New York*, 26 Barb., 262. Where the party to the action is only the nominal and not the real one, the person actually interested in the controversy is treated as having a standing in court, and may have the control of the cause. Instances of this character will readily occur to every professional mind. Where the defendant is the real as well as the nominal party affected, it is reasonable to say that so long as he is satisfied with the judgment all other persons should be. If the parties are adults, acting in their own rights and actually interested in the result of the litigation, they may be presumed to understand their own interests and to be fully competent to protect them. And therefore the inquiry arises, whether the facts disclosed in the petition of the moving party should take this case out of the rule that none but the parties to the record can claim the interposition of the court and have the judgment vacated.

Now, considering the relation which *Mann Bros.* held to Aldrich, Smith & Co., it is apparent that they were the persons directly affected by this judgment. True, they were not named as parties defendant; and yet, as they were bound to pay the judgment, they were really and truly the persons interested in the controversy. By their bond they had not only undertaken and promised to indemnify and save harmless Aldrich, Smith & Co. against the suit or action, but they had expressly covenanted "to pay and discharge all [such] judgments as should be rendered against them in the said action." The bond was in the nature of an indemnity against the liability itself (30 Wis., 68), or at least was a covenant to pay the judgment itself. And while Aldrich, Smith & Co. might remain upon the record as parties defendant, it is apparent that

they were but the nominal defendants, and that *Mann Bros.*, under their obligation, became the real defendants in the action. We conceive it, therefore, quite incorrect to say that they are to be regarded as strangers to the record — that they are not entitled to complain against the judgment, nor to ask the court to set it aside. Such a view would or might lead to great injustice, and certainly would sacrifice the substantial rights of parties upon very technical grounds. The case is not analogous to that of *Packard v. Smith*, 9 Wis., 184; *Drexel's Appeal*, 6 Barr, 272; and *Berry v. Attorney General*, 19 Law Journal, 1850, p. 232 (chancery); and the reason of those decisions does not apply. The nominal defendants, Aldrich, Smith & Co., have no reason to interfere with the judgment; for they have not paid it nor been injured by it, and why should they interpose in a matter in which they have no interest? *Mann Bros.* are the persons actually affected by the judgment, and the court should lend attention to their application to set it aside, if it is to be vacated at all.

It was claimed that the moving party has been guilty of neglect in not obtaining a *supersedeas* on the writ of error to the supreme court of the United States; or in not applying to the county court for a stay of proceedings in the suit pending the cause in that court. We do not think laches is to be imputed to the moving party on either ground suggested. A party is not to be charged with neglect because he omits or fails to give a *supersedeas* bond on suing out a writ of error. And it would be a very onerous rule to deny the moving parties relief, under the circumstances, because they did not apply for and obtain an order staying proceedings. The granting of such an order would have rested largely in the discretion of the court. *Parmalee v. Wheeler*, 32 Wis., 429.

It is said that these parties did not avail themselves of proper legal means to defend the suit in the county court, so as to prevent a judgment in the cause. We are unable to dis-

cover from the motion papers what successful defense could possibly have been made to that action.

The other questions discussed on this appeal are considered in the case of *Mann et al. v. The Ætna Insurance Co.*, the next cause on the calendar, and need not therefore be noticed here.

*By the Court.* — The order of the county court is affirmed.