WATKINS vs. ZWIETUSCH and others.

*(1) Purchase of tax title by administrator. (2) When assessment of benefits from city improvements void.*

1. Where an administrator purchases with money of the estate, and has conveyed to himself, an outstanding tax title upon land of his intestate, it inures to the benefit of the heir.

2. In assessing benefits to adjoining lots from a contemplated public improvement, the board of public works of Milwaukee added fifty per cent. to the estimated cost of the work to be done in front of each lot, and adopted the amount so determined as the measure of such benefits, irrespective of the actual benefit to the lot. It appears that the several lots were very differently affected by the improvement. *Held*, that there was a total failure to exercise the judgment of the board in determining the actual benefits; and the assessment was *void*. *Johnson v. Milwaukee*, 40 Wis., 315.

APPEAL from the Circuit Court for *Milwaukee* County. Ejectment, for a lot in the city of Milwaukee; tried by the court without a jury. Plaintiff traced title to the heirs of Charles K. Watkins, deceased, and showed that, in a partition of the estate of said deceased, said lot was set off to himself as one of the heirs-at-law, and that he was in possession in 1876. Defendants introduced tax deeds of said lot from the city to Thomas M. Knox, for city taxes of 1861 and 1864, which deeds were recorded respectively in February, 1865, and September, 1868; also a quit-claim deed from Thomas M. Knox and wife to Caroline B. Watkins, dated December 22, 1865; also a tax deed of the same lot from the city to the defendant *Zwietusch* for taxes of 1871, recorded June 30, 1877. Their evidence also tended to show that the lot was vacant until 1876. Plaintiff thereupon showed, by the probate records of Milwaukee county, the appointment of Caroline B. Watkins (widow of Charles K. Watkins) and another person, in June, 1858, as administrators of the estate of said deceased, and that in the final account of administration said estate was charged with the amount paid Thomas M. Knox for quit-claiming his

interest acquired by tax deed as before stated. The other evidence need not be given. The finding of the circuit court as to facts affecting the validity of the deed of 1871, is sufficiently set out in the opinion.

From a judgment in favor of the plaintiff, defendants appealed.

For the appellants, there was a brief by *Cotzhausen, Sylvester & Scheiber*, and oral argument by *Mr. Cotzhausen*.

The cause was submitted for the respondent on the brief of *E. Mariner*.

ORTON, J. It is apparent from the evidence that the respondent held the legal title to the premises in question as an heir-at-law of Charles K. Watkins, deceased, and that the tax titles of Thomas M. Knox inured to his benefit by being bought in by, and conveyed to, Caroline B. Watkins, the widow of said Charles, and one of the administrators of his estate, by the use of the moneys belonging to the estate.

The only remaining question is of the validity of the tax deed of the appellant, which is based upon special assessments of benefits by the grading and improvement of streets in the city of Milwaukee. The learned circuit judge found, as a fact proved, " that in making such assessments of benefits the said board of public works determined the amount of benefits by adding fifty per cent. to the cost of the work to be done in front of each lot and part of lot, as estimated by said city engineer, and adopted such cost as the measure of benefits, irrespective of the actual benefit to the lot." It was not found, and does not clearly appear from the evidence, whether such a pretended assessment was made upon actual view of the premises or not; and it is not material whether it was so made or not, when it is so clearly and expressly found that the amounts of such assessments were determined arbitrarily, and upon a false and illegal basis, "irrespective of the actual benefit to each lot."

It is quite obvious from the testimony that the several lots were very differently affected by the improvement. If the assessment had been made according to law, and the actual benefit to the several lots had been at all judicially considered, then such *quasi* judicial determination might not be questionable in this collateral manner. But this assessment was made in palpable and gross violation of the law, and of common reason and justice. Here was no mere error of judgment, but the failure to exercise any judgment at all. The *actual benefit* to each lot, which is the only legal basis of such estimate and assessment, is boldly repudiated, and an arbitrary basis adopted, which precluded any consideration of such benefit or the exercise of any judgment in respect to such benefit. But it is needless to further discuss the question, when the whole subject has been so fully and so ably treated by the chief justice in *Johnson v. The City of Milwaukee and others*, 40 Wis., 315, and the identical question here involved was decided in that case. The invalidity of the assessment in that case is made to rest upon precisely the same ground of objection here, and not upon the ground that it was made without viewing the premises. But the language of the chief justice is in itself clearer and more explicit than it can be made by comment: " It does not appear that the board of public works ever viewed the premises assessed, as required by the statute." " This alone might be fatal to the assessment. But we prefer to rest the invalidity of the assessment in this case upon the ground that the commissioners of public works based the assessment upon cost, instead of the actual benefits positively and specially accruing to the property assessed, in consequence of the improvement." To say anything further would be to weaken the force of a decision perfectly conclusive of the question.

The finding of the court was sustained by the evidence.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.