WATKINS and others vs. THE CITY OF MILWAUKEE and others.

*March 26 — April 19, 1881.*

CHARTER OF MILWAUKEE. *(1) Assessment of benefits, when void. (2) Equitable remedy. (3) Joinder of defendants.*

1. The decisions in *Johnson v. Milwaukee,* 40 Wis., 315, and *Watkins v. Zwietusch,* 47 id., 515, that an assessment of benefits arising to a lot in the city of Milwaukee from a public improvement is void if made arbitrarily and without view of the premises — adhered to.

2. In such case, if an appeal would lie from such assessment, as provided by the statute (which is doubtful), that is not the sole remedy; but equity will set aside the assessment, a sale under it, and the certificate of sale, and restrain the issue of a deed upon such certificate.

3. Where assessments were made by one course of void proceedings against several lots of the plaintiff, and the certificates of sale of said lots are held *by different persons,* they may be *joined* as defendants (together with the city and its treasurer) in an action for the relief above described.

APPEAL from the Circuit Court for *Milwaukee* County.

Plaintiffs appealed from an order sustaining a joint demurrer of all the defendants to the complaint.

The substance of the complaint, so far as important here, and the grounds of demurrer, are stated in the opinion.

For the appellants there were briefs signed by *E. Mariner,* with *Frank M. Hoyt,* of counsel, and oral argument by *Mr. Hoyt:*

1. The complaint is sufficient. It shows that the proceedings of the board of public works were illegal, and the certificates void, because, (1) The lots were not liable for the cost of raising the street to the altered grade. Sec. 18, subch. X, ch. 56, Laws of 1852; secs. 6, 8, subch. VII, ch. 184, Laws of 1874. (2) There was no assessment of damages whatever to the owners of the lots. Laws of 1874, ch. 184, subch. VII, sec. 8. (3) There was no proper or legal assessment of benefits. Ibid., sec. 7. This assessment was precisely like the one complained of and declared illegal in *Johnson v. Milwaukee,* 40 Wis., 316. · Equity has jurisdiction, therefore, to cancel the certifi-

cates and enjoin the issuing of tax deeds. *Dean v. Madison*, 9 Wis., 402; *Knowlton v. Supervisors*, id., 410. Sec. 34, subch. XVIII, ch. 184, Laws of 1874, is not applicable to this case. Being in derogation of common right, that section must be strictly construed. This is not a proceeding to set aside any assessment or special tax, or to set aside any tax deed, but is an action to set aside certificates of tax sales. The only unpaid tax was the general tax of $8.35 on lot 9, against which the defendant *Zwietusch* holds the certificate. If sec. 34, *supra*, were applicable, the complaint might have been demurrable as to such defendant, if he had appeared specially. But the objection cannot be raised under the joint demurrer, there being a cause of action as to the other defendants. *Webster v. Tibbits*, 19 Wis., 438; *Lawton v. Howe*, 14 id., 241. 2. The complaint is not multifarious. *Blake v. Van Tilborg*, 21 Wis., 672; *Supervisors of Douglas Co. v. Walbridge*, 38 id., 179; *Williams v. Bankhead*, 19 Wall., 563; Story's Eq. Pl., §§ 271*b*–284; Bliss on Code Pl., § 110; *Fellows v. Fellows*, 4 Cow., 682; *Varick v. Smith*, 5 Paige, 160; *Winslow v. Dousman*, 18 Wis., 456; *Bowers v. Keesecher*, 9 Iowa, 422; *Bassett v. Warner*, 23 Wis., 573; *Gaines v. Chew*, 2 How., 619. The rule of multifariousness does not apply to a bill whereby multiplicity of suits is prevented. Mitford's Ch. Pl., 169–211; Story's Eq. Pl., 72–76*a*.

*J. R. Brigham*, for the respondents:

1. The complaint does not state a cause of action. The statute provides a specific relief for persons aggrieved by an assessment of the board of public works, by appeal, which is declared to be the only remedy. Secs. 11, 12, subch. VII, ch. 184, Laws of 1874. The allegation of the complaint that no assessment was made, is a mere conclusion, and is not supported by the statement of facts. The only function of the assessment of benefits is to measure the amount with which the property can be charged for the improvement; and the amount so charged can, in no case, exceed the cost of the work.

It does not follow, therefore, that no actual assessment was made, because the amount assessed appears to bear a fixed and arbitrary relation to the cost. If the board determine that a lot is benefited beyond the cost of the work, the lot is to be charged, as in this case, with such cost only, and the assessment in excess of the cost ·is of no importance, and the evidence thereof need not be preserved. In the case of *Johnson v. Milwaukee*, 40 Wis., 316, the decision was based upon proof that no estimate of benefits was made or pretended to be made. In this case the allegation is that the pretended assessment was not *bona fide*, because the amount stated was the estimated cost of the work, with a small addition. This is not an allegation of sufficient facts to sustain the position that no assessment was made, and therefore the rule of *Johnson v. Milwaukee* is not applicable. Again, it is a condition precedent to the institution of the proceeding, that the plaintiff pay or deposit all unpaid taxes. Sec. 34, subch. XVIII, ch. 184, Laws of 1874. The complaint contains no allegation of the payment or deposit of the general tax. 2. The complaint is multifarious. The proceedings are not necessarily the same as to both lots. The assessment is to be made as to each lot separately. It may have been made as to one lot, and not made as to another. It may have been valid as to one, and not valid as to another. The fact that it may be invalid as to both lots, or may not have been made as to either lot, does not warrant the bringing of one action to set aside both taxes, if different parties are interested in the different lots. It is the rule that each tax-payer, desiring to be relieved of the tax on his property, must bring his several action. *Newcomb v. Horton*, 18 Wis., 566; *Barnes v. Beloit*, 19 id., 93. It follows that defendants interested in different pieces of property cannot be joined in one action to avoid a tax under which they claim. Story's Eq. Pl., § 279. See also *Turner v. Duchman*, 23 Wis., 500. Cases cited by the appellants are not to be distinguished in principle from creditor's bills, which courts sustain against

all parties who are associated in or are benefited by the fraudulent acts of the principal debtor. The analogy here is rather with cases in reference to taxes and tax deeds.

ORTON, J. This action is brought against the city of Milwaukee, the city treasurer, and the holder of the certificate on the north half of lot 9, and the holder of the certificate on lot 16 in block 160 in said city, issued on the sale of said premises for assessments for street grading in front of the same, to set aside and vacate the assessments, sale and certificates, and to enjoin the city and city treasurer from executing deeds on said certificates, and the holders thereof from applying for the same. Amongst other defects claimed to render them void, it is averred in the complaint that the premises were greatly damaged by such street improvement, and that no damages whatever were assessed, and that the assessments were solely for pretended benefits to the premises, and that such benefits were arbitrarily determined without viewing the premises, and much greater than the true amount. The allegations to this effect were sufficiently certain, and we do not think they were liable to the criticism made, that they do not express clearly this fatal defect in the assessments.

The demurrer is on two grounds: (1) That the complaint does not state a cause of action; and (2) that there is an improper joinder as defendants of the two separate holders of the certificates, not jointly interested in either.

The defect in the assessment complained of as above has been so recently and fully considered and passed upon by this court, and held to be fatal to the assessment, sale and certificate, and good ground for setting them aside in a suit in equity, that we need only refer to the decisions, without a reiteration of the reasons. The whole subject was most ably and exhaustively treated in the opinion of the late learned and eminent chief justice, in *Johnson v. The City of Milwaukee*, 40 Wis., 315, so that nothing is left to be said; and that case was fol-

lowed in *Watkins v. Zwietusch*, 47 Wis., 515, in which this same objection to the assessment was held fatal to it.

The position of the learned counsel of the respondents, that the court has no jurisdiction in such a case because the law has provided an appeal from the assessment and made that remedy exclusive, cannot be maintained. · The complaint here is that there never was any valid assessment whatever for any purpose, and there was no assessment to appeal from. But if an appeal might have been taken, and this defect in the assessment taken advantage of on such appeal to have the assessment set aside, which is very doubtful, such remedy is not exclusive in such a case as this. *Harrison v. The City of Milwaukee*, 49 Wis., 247.

It is objected that it is not alleged that the taxes upon the premises have been paid. This is not good ground for a joint demurrer in this case, because not applicable to both lots. ˙ It does not appear that there were any unpaid taxes except a small amount against one of the lots.

As to the second cause of demurrer, these two defendants hold certificates having their origin in and based upon the same general proceedings which are sought to be set aside, and they are both sought to be restrained, by injunction, from obtaining title by deed through one course of void proceedings; and most certainly the plaintiffs could obtain very inadequate relief without the presence of both in one action. They are both interested in the controversy, and it makes no difference whether they are equally so or not: they are proper parties, by all authority, and especially by the decisions of this court in similar cases. *Blake v. Van Tilborg,* 21 Wis., 672; *Bassett v. Warner*, 23 Wis., 673; *Sup'rs Douglas Co. v. Walbridge*, 38 Wis., 179. The authorities cited by the learned counsel of the respondents are not applicable to such a case. The demurrer should have been overruled.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.