CRITES and others, Respondents, vs. THE BOARD OF SUPERVISORS OF FOND DU LAC COUNTY, Appellant.

*October 19 — November 3, 1886.*

*Tax titles: Parties: Joinder of causes of action.*

1. In an action against the county board of supervisors to annul tax certificates the holders of such certificates should also be made parties.
2. A cause of action for the cancellation of tax certificates cannot be joined with a cause of action for the recovery of the amount of the taxes unnecessarily paid into court by the plaintiffs as a condition of relief in an action by one of the holders of such certificates to bar the plaintiffs' rights in the land sold.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is sufficiently stated in the opinion.

For the appellant there were briefs signed by *N. S. Gilson*, attorney, and *Duffy & McCrory*, of counsel, and the cause was argued orally by *Mr. Duffy*.

For the respondents the cause was submitted on a brief signed by *Priest & Carter*, attorneys, and *Carter & Carter*, of counsel.

ORTON, J. The complaint of the respondents alleges that certain taxes on the land of the plaintiffs were illegally assessed and levied, and that many irregularities existed in the sale of this land for the same, and that one C. K. Pier, D. C. Lamb, and C. F. Kalk, and one C. L. Encking fraudulently conspired together to prevent competition at the sale thereof, and fraudulently purchased said land for said taxes, and that the certificates were issued to said Pier, Lamb, and Kalk fraudulently; and the prayer is to set aside and have declared void said certificates. The complaint sets forth another and separate cause of action, and alleges, substantially, that said C. K. Pier commenced a suit against said plaintiffs to bar the plaintiffs' right to said lands so sold, and that the defendants in that suit and the plaintiffs in this suit tendered and paid into court for the taxes, etc., the sum of $1,371.83 as condition of relief in said action, when it was not necessary, on account of the assessments and levying of the taxes being absolutely void. Judgment is demanded for said amount, and interest. The defendant demurred to said complaint, on the grounds (1) that the court had no jurisdiction; (2) defect of parties defendant, in that C. K. Pier, D. C. Lamb, C. F. Kalk, and C. L. Encking should have been joined; (3) that several causes of action are joined; and, lastly, that the complaint did not state facts to entitle the plaintiff to recover. The demurrer was overruled, and the defendant appeals from the order overruling the same.

1. It is too clear for argument that the holders of the tax certificates sought to be set aside, and charged with fraud in their procurement, ought to be made parties to the action. They are the parties directly interested in such a

suit; and if not made parties their tax certificates cannot be declared void and set aside, and they must have their day in court upon the question, and this action would be fruitless except as against them. *Siegel v. Outagamie Co.* 26 Wis. 70; *Watkins v. Milwaukee,* 52 Wis. 98; and numerous other decisions of this court.

2. The two actions are improperly joined,— one in equity to cancel the certificates, and the other at law for money had and received. That these two actions cannot be joined is elementary. *Leidersdorf v. Second Ward Savings Bank,* 50 Wis. 406.

The other objections to the complaint will not be considered; for the complaint will have to be amended by the statement of one of the causes of action either in equity or at law, whichever the plaintiffs may select; and it will then be time to pass upon the question whether it states a good cause of action. The demurrer ought to have been sustained on the above grounds.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.