PIER, Respondent, vs. ONEIDA COUNTY and others, Respondents: DOOLITTLE, Appellant.

*February 21—March 14, 1905.*

*Judgment: Vacating: Right of a person not a party.*

After judgment establishing the mutual rights of the parties in an action against a county to annul tax certificates on plaintiff's lands, the owner of a portion of such certificates, not being a party to the action nor seeking to be made a party nor showing that the county is a mere nominal party and he the real party in interest, has no right to have the judgment vacated on his motion.

APPEAL from an order of the circuit court for Oneida county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

This action was brought in March, 1903, against *Oneida* county, its treasurer and clerk, to set aside the assessment of taxes for 1901 upon certain lands in the county owned by the plaintiff, and to annul the tax certificates issued for delin-

quent taxes thereon.    Judgment without costs to either party
was entered on March 16, 1903, upon the facts as stipu-
lated by the parties.    By this judgment the tax certificates
issued by the county on account of such delinquent taxes were
annulled, that portion of the tax found to be equitably due the
county as a proper tax upon the lands was ordered paid by
the plaintiff, and the county clerk and his successors in office
were restrained from issuing tax deeds upon the outstanding
certificates based upon the unpaid taxes originally assessed.

On the 27th of the succeeding November, appellant, who is
not a party to this action, made application to the court and
showed that he was the owner of a portion of the certificates
against the lands of plaintiff covered by the judgment, and
which had been issued by *Oneida* county at the sale for de-
linquent taxes in May, 1903.    He moved the court to vacate
the judgment.    After a hearing on this motion the court re-
fused to make such an order, and this is an appeal from the
action of the court denying the application.

For the appellant the cause was submitted on a brief by
*L. A. Doolittle.*

For the respondents there was a brief signed by *John
Barnes,* of counsel, for the plaintiff, and *Sam S. Miller,* dis-
trict attorney of *Oneida* county; and the cause was argued
orally by *Mr. Barnes.*

SIEBECKER, J.    Appellant is not a party to this action, nor
does he now seek to be made a party.    He applied to the court
to have the judgment vacated upon the ground that, as owner
of tax certificates issued by the county for delinquent taxes on
the lands involved, his interests therein are adversely affected
by the judgment.    Under the facts stated he is a stranger to
the action.    It is well settled that a stranger to an action has
no right to disturb a judgment by a motion to vacate it with-
out first having obtained the status of a party, unless it ap-
pears that the party of record is merely a nominal party and

the party so moving the court is the real party in interest. Under such circumstances he may be treated as having the standing of a party to the action and as having control of the same. *Ætna Ins. Co. v. Aldrich,* 38 Wis. 107.

It, however, does not appear but that the county is the real party in interest in this case, nor does it appear that appellant's legal rights as certificate holder have been determined, nor could they be in the absence of his being made a party to the action. If appellant were allowed to interpose and assume the control of the action after judgment under these circumstances, it would result in an invasion of the rights of the parties who have prosecuted the cause to a final judgment which establishes their mutual rights in this controversy. Appellant's application to vacate this judgment is not well founded in the law and was properly denied by the trial court. The following authorities in this court sustain this ruling: *Ward v. Clark,* 6 Wis. 509; *Packard v. Smith,* 9 Wis. 184; *Ætna Ins. Co. v. Aldrich,* 38 Wis. 107.

*By the Court.*—The order appealed from is affirmed.