GILKEY & ANSON COMPANY, Respondent, vs. DOOLITTLE, Appellant.

*May 6—June 1, 1915.*

*Taxation: Action to set aside taxes: Parties: Rights of holder of tax certificate: Illegal taxes: Compromise: Redemption from tax sale.*

1. In an action to set aside taxes for which land has been sold the holder of the tax certificate is a proper party, but the county is the real party in interest.
2. In an action directly attacking the validity of a tax certificate, or where a substantial part of the relief sought is the cancellation of a tax certificate, the certificate holder is a necessary party.
3. Although holders of tax certificates have certain rights of which they cannot be deprived without their day in court, they are not particularly favored in the law, a purchaser at a tax sale not being a purchaser in good faith for value.
4. Where, after action brought to set aside as illegal taxes for which land has been sold, a compromise is made with plaintiff by the county officers pursuant to sec. 1210*g*, Stats., payment by plaintiff of the amount thereby agreed upon constitutes a redemption from the tax sale and is binding upon the holder of the tax certificate, although he was not a party to the action and did not participate in the settlement.

APPEAL from a judgment of the circuit court for Oneida county: A. H. REID, Circuit Judge. *Affirmed.*

This was an action of ejectment involving the title to seven descriptions of land in Oneida county. The defendant answered alleging ownership and right of possession under a tax deed recorded more than three years prior to the commencement of the action and setting up the bar of the three-year statute of limitations. The complaint was amended so as to set up a cause of action to quiet title in the grantee of the plaintiff. The facts found material to a consideration of the questions raised on this appeal were as follows: (1) That on May 20, 1908, the plaintiff was the owner of the lands described in the complaint, and that on February 23, 1909, it conveyed the same to one C. P. Crosby by a deed containing

full covenants of warranty; (2) that the lands were subject to taxation in the year 1904 and were taxed by the proper authorities; that such taxes were not paid and the lands were returned delinquent in March, 1905, and were advertised for sale at the annual tax sale held on May 16, 1905, and that the taxes were not paid or redeemed before sale; (3) that the county treasurer commenced the tax sale at 9 o'clock in the morning of May 16th, and each of the parcels of land was sold for the delinquent taxes against the same to L. A. Doolittle before 10 o'clock a. m. of the same day; that the payment of the amounts for which the lands were sold was not made within twenty-four hours of said sale, nor within a week thereafter, but subsequently such payment was made and tax certificates in due form were issued and delivered by the county treasurer to said L. A. Doolittle; (4) that on May 16, 1905, the plaintiff brought an action in equity to set aside the 1904 tax levied on said lands, and in its complaint alleged that the said taxes were illegal on grounds going to the validity of the assessment and affecting the groundwork of the tax, and that in said action it made the county of Oneida and the treasurer and clerk of said county parties defendant; that the original summons and complaint and notice of the pendency of the action were filed at 10 o'clock a. m. of said day, and thereafter and before noon of said day and while the tax sale was proceeding and while said L. A. Doolittle was present in the county treasurer's office the sheriff duly served upon each of said defendants the summons and complaint in said action, and that said Doolittle at said time examined the summons and complaint and was fully advised of the service thereof; (5) that the defendants answered, and thereafter the county clerk, county treasurer, and district attorney of said county, pursuant to sec. 1210g, Stats., entered into a written stipulation to compromise with the plaintiff in said action, and by such stipulation admitted the truth of the allegations of the complaint, and agreed to receive in lieu of the whole

taxes levied upon said lands the sum then and there agreed upon, and it was stipulated that upon payment of said sum into court judgment should be entered canceling and annulling said taxes of 1904 upon said lands and tax certificates issued thereon based upon said taxes; that such payment was made by the plaintiff and judgment was accordingly entered by the court on January 11, 1906, and that a duly certified copy of such judgment was forthwith served upon and filed with the county clerk of said county; (6) that through a clerical error the county clerk failed to correctly enter in the tax-sale records in his office the effect of such judgment, in that he failed to note that the tax and tax certificates on the land involved in this action were canceled by said judgment; that as to all other land involved in said action such notation was duly made, and the county treasurer on February 14, 1906, remitted to said Doolittle the amount of all other tax certificates held by him which were canceled by said judgment, together with interest thereon at seven per cent. per annum; that said tax certificates on the lands herein involved were afterwards assigned to the defendant, and on May 21, 1908, a tax deed in due form was duly issued and delivered by the county clerk of Oneida county, purporting to convey the lands herein involved, based upon the tax sale of 1905, which tax deed was duly recorded May 23, 1908; that said lands have ever since been vacant and unoccupied, and that this action was not begun until August 27, 1912.

As conclusions of law the court found (1) that the nonpayment by L. A. Doolittle to the county treasurer of said county for the tax certificates of 1905 issued upon the lands herein involved, which continued for more than twenty-four hours after the tax sale of said year, forfeited his right to demand delivery of said tax certificates, and from the expiration of said twenty-four hours until said certificates were finally paid for and delivered to said Doolittle he had no interest in said certificates; that he was therefore a purchaser of said certifi-

cates subsequent to the commencement of the action to set aside said tax, with full notice both actual and constructive thereof, and that he and his assignees were therefore fully bound by the terms of the judgment rendered in the former action; (2) that the tax deed under which defendant claims title was issued and delivered without authority and contrary to the judgment and decree of the court; (3) that plaintiff was entitled to judgment canceling and annulling the tax deed and for its costs and disbursements. From this judgment defendant appeals.

For the appellant the cause was submitted on the brief of *L. A. Doolittle.*

For the respondent there was a brief by *Curtis, Van Doren & Curtis,* and oral argument by *R. N. Van Doren.*

BARNES, J. The certificate holder might very properly have been made a party to the action brought to set aside the taxes on which the defendant's tax deed is based. *Siegel v. Outagamie Co.* 26 Wis. 70, 72.

Under some circumstances the certificate holder is a necessary party, particularly where the attack is made on the validity of the certificate rather than on the tax on which it was based, or where a substantial part of the relief sought consists in securing a cancellation of the tax certificate. *Walkins v. Milwaukee,* 52 Wis. 98, 102, 8 N. W. 823; *Crites v. Fond du Lac Co.* 67 Wis. 236, 30 N. W. 214; *Pier v. Oneida Co.* 124 Wis. 398, 102 N. W. 912.

The former action was not brought primarily to challenge the tax certificates, but to test the validity of a tax. The result, of course, would affect the certificates, but this was only an incident of the action. The county was the real party in interest therein. *Pier v. Oneida Co., supra.*

While the cases recognize that certificate holders have certain rights of which they cannot be deprived without their day in court, they are not particularly favored in the law.

A buyer at a tax sale is not a purchaser in good faith for value. *Gould v. Sullivan,* 84 Wis. 659, 668, 54 N. W. 1013; *Brown v. Cohn,* 95 Wis. 90, 69 N. W. 71. And the purchaser of a tax certificate *pendente lite* is bound by a judgment setting aside the tax on which the certificate was based, although no notice of *lis pendens* was filed. *Brown v. Cohn, supra; Hixon v. Oneida Co.* 82 Wis. 515, 530, 52 N. W. 445; *T. B. Scott L. Co. v. Oneida Co.* 72 Wis. 158, 160, 39 N. W. 343.

It is elementary that a tax certificate is void where it is shown that the tax on account of which it was issued was paid before sale. A deed issued on such a certificate is likewise void. While the tax certificate in form conveys an equitable interest in the land, that interest may be wiped out by redemption at any time before a deed issues and is recorded. There is no way in which the certificate holder can prevent the landowner from exercising this right. While we do not speak of redemption as payment of the tax, it necessarily includes the element of payment, and it is the matter of paying the tax with interest and charges to the proper officers that constitutes redemption. The receipt customarily issued furnishes the best evidence of the transaction, but is not the only evidence of it.

The law recognizes the fact that illegal assessments may be made, and that where part of a tax is void and part valid the landowner should be compelled to pay the valid part only. The legislature has wisely, we think, provided that controversies involving the validity of taxes might be compromised and settled by enacting sec. 1210*g,* Stats., which reads as follows:

"If it shall appear from any tax roll or tax proceeding that any sum of money is due from any person or is charged against any lands or other property, and such taxes have been returned as delinquent to the county treasurer of the proper county, and such person or the owner of the lands or property so charged with such taxes shall claim such taxes to be illegal

for any cause the county treasurer, county clerk and district attorney of such county may, if they shall deem that there is reasonable cause to believe such taxes illegal, compromise with such person or owner and receive in lieu of the whole tax so appearing due or charged as aforesaid such part thereof as the said county treasurer, county clerk and district attorney, or a majority of them, shall determine to be equitable and for the best interest of such county."

After a tax has been returned delinquent, the county, as held in the *Pier Case* (124 Wis. 398, 102 N. W. 912), is the real party in interest in a suit to set aside taxes. The only effect such a suit ordinarily has on the certificate holder is that he will get a higher rate of interest on his investment if the tax is held valid and the owner is obliged to redeem than he would receive if the tax was held void and the county was obliged to cancel the certificate and refund the cost thereof. In practice this difference has not been considered of sufficient moment to warrant certificate holders in contesting suits brought to set aside the taxes on which their certificates were based and in subjecting themselves to costs in the event of an adverse decision.

The above statute places the power of compromise with the committee provided for. There is no provision that the certificate holder shall have any voice in the settlement, and it was not so intended. The title to tax certificates once properly indorsed can be transferred by a mere delivery of the certificate; so that it is often difficult if not impossible to locate the holders of them. The parties to this suit had a perfect right to get together and agree on how much of the tax was valid and how much was not, and so long as they acted in good faith the certificate holder could not complain of their so doing. The statute gave him no right to be present at or participate in the settlement. That matter is left with the county officers named and the landowner. The parties having, pursuant to statute, agreed on the amount of the tax that was legally chargeable against plaintiff's property, and plaint-

iff having paid such sum, it paid its taxes against its lands for the year in question and paid all of them and paid them as directed. This procedure being authorized by law, we see no escape from the conclusion that the payment to the clerk of the court in this instance constituted a redemption just as much as would payment of the full amount of the tax certificate with interest and charges to the county clerk. The taxpayer has done all that the law requires of him and in the manner required. Up to this point everything that was done might properly be done without the presence, knowledge, or consent of the certificate holder. When the amount that should lawfully be paid was lawfully fixed and was paid in the manner provided by law, it seems very clear that this was a redemption of the land involved from the tax sale. The power of settlement conferred on the county officers mentioned does not cease when the land involved is sold for the tax in dispute.

It may be conceded that so much of the judgment in the former action as in form canceled and annulled the defendant's tax certificate is not binding or conclusive on him. It is unnecessary for the plaintiff to rely on it. It may, however, rely on the fact of payment and redemption. If there had been no former action, plaintiff could succeed in the present one by showing, for instance, that it had paid the tax before sale, or that it had redeemed the land after sale in the usual way. It might do this without the production of either a tax or redemption receipt and in the absence of any record showing payment, provided it was able to show by other satisfactory evidence that it paid the right amount of money to the proper officer. *Gould v. Sullivan,* 84 Wis. 659, 54 N. W. 1013. We are presently dealing with a statute designed to meet cases where part of the tax is illegal. There the payment is made in a way different from the ordinary method. The landowner may pay the lawful part of the tax assessed against his property and be relieved from the unlawful part.

When payment is made in this class of cases in the manner provided by law, the conclusion seems inevitable that the land is redeemed from the tax sale and the certificate holder can get no title by virtue of his certificate. He is entitled to a return of the money which he paid the county, with interest. Sec. 1184, Stats. This is the measure of his relief.

We do not wish to be understood as holding that the decision of the circuit court was not placed on tenable grounds. We prefer, however, to rest our judgment of affirmance on the ground herein stated.

*By the Court.*—Judgment affirmed.