HOME OWNERS' LOAN CORPORATION, Respondent, vs. MASCARI (ROSARIO) and others, Defendants: MASCARI (MIKE V.) and another, Appellants.*

*May 15—June 15, 1945.*

---

* Motion for rehearing denied, without costs, on September 11, 1945.

For the appellants there was a brief by *E. W. Lawton* of Racine and *Woodward & May* of Madison, and oral argument by *W. L. Woodward.*

*Gerald T. Flynn* of Racine, for the respondent.

BARLOW, J.    For the purpose of considering the questions involved, the material facts appearing in the record are as follows:

November 16, 1933, Rosario Mascari and Annie Mascari, his wife, executed a note and mortgage to the Home Owners' Loan Corporation in the sum of $2,650.43.    An action to foreclose this mortgage was commenced March 2, 1939, and judgment of foreclosure entered April 7, 1939.    May 22, 1940, an agreement was entered into, and December 6, 1941, the judgment was vacated by stipulation of the parties and the note and mortgage reinstated without prejudice to the right of plaintiff again to commence an action in the event of default

in payments to be made as provided in the note and mortgage. The stipulation to vacate the judgment was entered into by agreement on the part of the mortgagor to pay $38 per month until said note and mortgage were paid, which payments were made from May 22, 1940, to the time of the commencement of this action, December 31, 1942. Later payments were made but were refunded. The default claimed by plaintiff was failure to pay insurance, back taxes, and foreclosure costs of the first action, amounting to $1,053.24. Defendant Rosario Mascari set up as a defense a claimed agreement between the plaintiff and this defendant to accept the payment of $38 per month for a specified period of time in full settlement of this obligation, and denied any default by reason of the items set up in the complaint. On the trial, the court found against the defendant and ordered judgment of foreclosure for the plaintiff on March 10, 1943. Findings of fact and conclusions of law, dated April 16, 1943, were entered and filed on that date, and judgment of foreclosure, dated March 16, 1943, was entered and filed on April 16, 1943. Thereafter, an order fixing date of sale was entered, and the property sold under the foreclosure judgment. August 18, 1944, defendant objected to plaintiff's motion for confirmation of sale for the reason that the record showed the judgment was dated prior to the date of the findings of fact and conclusions of law. On motion to correct the date of the judgment in accordance with the fact, the court took testimony and found that the date of March 16, 1943, shown on the judgment was not in accordance with the fact and directed the judgment to be corrected to read April 16, 1943.

July 3, 1944, appellants, Mike V. Mascari and Salvadore R. Mascari, obtained an order to show cause why the judgment should not be vacated, and in the alternative the sum of $1,178 paid by them be returned or that they be granted a hearing, setting forth in the affidavit of Mike Mascari that these ap-

pellants are adult sons of defendant Rosario Mascari, and that at the time of the adjustment of the previous foreclosure judgment, they made an agreement with Rosario Mascari and Annie Mascari, mortgagors, to furnish the funds with which to make the payments of $38 per month in accordance with the terms of said settlement, conditioned that they were to have a lien for money paid, and when finally paid in full, they would become owners of the real estate, all of which was known to respondent, Home Owners' Loan Corporation, and that by virtue of their interest in this property they should have been joined as parties defendant. Also made a part of the application for order to show cause is an affidavit of E. W. Lawton, attorney for Rosario Mascari and Annie Mascari at the time the settlement agreement was entered into between Home Owners' Loan Corporation and Rosario Mascari and Annie Mascari, setting forth portions of the correspondence which he had with Home Owners' Loan Corporation at the time of making such settlement, and other facts relative thereto. Appellants' motions were denied.

Numerous questions are raised by appellants, but in order to reach them it is necessary to determine whether these appellants have any right to appeal. They were not parties to the action, and apparently were aware of the institution of the present foreclosure action, as they claim they were advancing the money to make the monthly payments to the mortgagee at that time. They made no effort to intervene and have their rights determined, if they had any, until more than a year after the judgment was entered. It is a general rule that none but parties to a judgment can have it set aside. This is especially true where third persons cannot be injured by permitting it to stand. 31 Am. Jur., Judgments, p. 270, sec. 722; annotation, 54 L. R. A. 763.

Appellants attempt to bring themselves within the rule laid down in *Ætna Insurance Co. v. Aldrich* (1875), 38 Wis. 107,

and *Pier v. Oneida County* (1905), 124 Wis. 398, 399, 102 N. W. 912, wherein this court said:

"It is well settled that a stranger to an action has no right to disturb a judgment by a motion to vacate it without first having obtained the status of a party, unless it appears that the party of record is merely a nominal party and the party so moving the court is the real party in interest. Under such circumstances he may be treated as having the standing of a party to the action and as having control of the same."

Apparently all negotiations with the mortgagor were carried on by correspondence, and any information which mortgagee had must have been obtained therefrom. The fact that appellants promised their parents to advance the money to make the monthly payments does not make them the real parties in interest. They are to be commended for their efforts to save a home for their parents. The record shows that the monthly payments were made regularly, but the default was due to failure to pay back taxes, insurance, and other items. Appellants were in position to protect their claimed rights by paying them. Defendant Rosario Mascari pleaded the defense that these items were included in the settlement agreement, and this issue was tried in the main action and the court found against the defendant. This question, therefore, is *res judicata*. Appellants failed to set up any new defense in their application to have the judgment vacated, and even though they attempted to show that their father, Rosario Mascari, was only the nominal party defendant and they the actual parties in interest, the fact still remains that title to the property remained in the father, and that he was the only party obligated by the note and mortgage. These appellants never assumed or agreed with Home Owners' Loan Corporation to pay the obligation, and were at liberty at any time to discontinue payments without any liability on their part. While it would appear that unfortunately there was a misunderstanding between mortgagee and these appellants, which could easily

have been avoided by the mortgagee as well as the mortgagors, at the time the original adjustment was made, this issue has been fully tried and determined, and it is considered that these appellants have no right to appeal.

*By the Court.*—Appeal dismissed.

The following opinion was filed September 20, 1945:

BARLOW, J. (*on motion for rehearing*). In the application for rehearing, Mike V. Mascari and Salvadore R. Mascari, petitioners and appellants, rely on the case of *Jackson Milling Co. v. Scott* (1907), 130 Wis. 267, 110 N. W. 184. In the application for an order to show cause why judgment of foreclosure and sale should not be set aside and vacated, the only claim made by petitioners is that an agreement was entered into by the Home Owners' Loan Corporation to accept payments of $38 per month for a specified period of time in full settlement of the obligation, and that said payments were made and continued until the action of foreclosure was commenced and for a period of three months thereafter, the last three payments having been refunded. Petitioners state that they are sons of Rosario Mascari, mortgagor, and that they furnished the funds to him to make the payments and were to have a lien upon the property as security for advancing this money. This is the same defense that Rosario Mascari set forth in his answer to the original complaint served on him. It amounts to a denial of the liability for unpaid taxes and insurance and other items amounting to $1,053.24 in addition to the principal and interest which was payable under the terms of the note and mortgage, and an assertion that these items were included in the claimed plan of settlement of the original indebtedness. No new issue is set forth in the petition or affidavits of petitioners. With this true they fail to bring themselves

within the rule of *Jackson Milling Co. v. Scott, supra,* which holds that where enforcement of a judgment against petitioners would be unjust because of the judgment having been paid or its never having been a lien or claim against the property petitioners may apply for relief in the original action. In the foregoing case claim was made that the judgment was paid after it was entered. Petitioners herein make no claim that the indebtedness has been paid but merely question the amount of the indebtedness and whether there has been a default, which issue is also raised by the mortgagor. Petitioners were not joined as parties to the original action and therefore are not bound by this judgment, which leaves them in a position to litigate any rights which they may have.

*By the Court.*—Motion for rehearing denied, without costs.