Philadelphia to use of W. H. Yost *v.* Odd Fellows Hall Association, Owners, etc., Appellant.

*Sewers—Assessments—Private sewers.*

The fact that a landowner constructed a private sewer sufficient for his property with the consent of the municipality, will not relieve him from assessments for a public sewer subsequently constructed by the municipality under the street upon which his property abuts.

In such a case it is immaterial that the sewer clerk of the city issued permits allowing other properties to be connected with the private sewer, and that a schoolhouse owned by the city was connected with the private sewer.

Argued April 9, 1895. Appeal, No. 224, Jan. T., 1893, by defendant, from judgment of C. P. Sept. T., 1890, No. 846, M. L. D., on case stated. Before GREEN, WILLIAMS, MC-COLLUM, DEAN and FELL, JJ. Affirmed.

Case stated to determine the liability of defendant for a sewer assessment.

The material portions of the case stated appear by the opinion of the court below, by JENKINS, J., which was as follows :

" This was a claim for a sewer, made by the city of Philadelphia, along Brown street, in front of defendant's premises, which are situate at the northwest corner of Third and Brown streets. The parties have agreed upon a case stated, which sets out the construction of the sewer. That the defendant, in the year 1864, obtained permission from the city of Philadelphia to construct, and did construct, a private sewer or drain along Brown street, from Third street to Fourth street; ' that

after the construction of the said sewer, the sewer clerk of the department of surveys of the city of Philadelphia issued permits to the owners of property on Brown street to connect with the same, and collected sewer rents therefor; it being, however, a custom of the said department, as stated by the said sewer clerk, to grant such permits regardless of whether or not there was any public sewer with which the property owner could connect, it being understood that the said property owner applying for such permit took the chance of finding a sewer or drain, public or private, the city in no wise undertaking to warrant that the sewer with which he was authorized to make connection was public;' that 'the city of Philadelphia erected in the twelfth school section of the said city a schoolhouse on Third street, above Brown, and in 1875 the school section, by direction of the board of education of the said city, made connection with the said sewer on Brown street constructed by the defendants, whereby said schoolhouse has since used said sewer for drainage purposes. There was no ordinance of city councils passed directing the school board to make said connection.' The case stated also set out the ninth section of the ordinance of June 20, 1863, page 190, and the eighth section of the ordinance of May 12, 1886, p. 145.

"Upon the argument the defendants claimed that, as the private sewer was laid by permission of the city of Philadelphia, and under the supervision of the district surveyor, the city of Philadelphia, when it constructed the sewer along Brown street, in front of the defendant's property, could not claim from the defendant any portion of the costs of such sewer, because the sewer would be of no benefit to the defendant's property, as the private sewer already constructed was ample for the uses of the defendant's property. The question raised by the defendant has been determined adversely to it by this court, in the case of City v. Cadwalader, 20 W. N. 14, where, on a scire facias sur municipal claim for a sewer laid along Oxford street, west of Broad, the affidavit of defense set up, 'that some years ago the owner of the premises against which this claim is filed, by the authority of the board of surveys, laid a sewer on Oxford street, in front of said premises, leading east and connecting with a sewer on Broad street, which affords ample drainage for said premises; that the sewer for which the

claim is made is not used by or of any value to said premises.' Upon a rule for judgment for want of sufficient affidavit of defense, this court, in making the rule absolute, said : ' As this is taxation the public discretion to improve is paramount and merely voluntary improvement, for the owner's own convenience cannot relieve him from his share of the cost where the city makes a general improvement.' The case of City v. Verner, 20 Phila. 292, was cited by the defendant's counsel as being a decision of the court of common pleas No. 4, of this county, as adverse to the decision in City v. Cadwalader, supra. An examination of the case, however, will show that the private sewer referred to was laid subsequently to the said ordinance of May 12, 1866 ; and the opinion in the case cites without disapproval the said case of City v. Cadwalader. Whether or not this court would follow City v. Verner, supra, if a case identical to that were before us, we need not determine ; it is sufficient now to show that the present case differs from it.

" We consider that when the defendant in the present case was allowed to lay a private drain, a mere license was granted. When the time arrived for constructing sewers affecting the locality in which the defendant's property is situated, the city constructed the sewer for which the claim is filed. This sewer was the first owned by the city constructed in front of the defendant's property. The drain the defendant laid was its individual property. For defects in that drain the defendant could be liable : Vanderslice v. Phila., 103 Pa. 102.

" Now until the present sewer was laid was there a sewer in front of the defendant's property, which was part of the general sewer system of the city ? When it was laid, the direct benefit to the defendant's property accrued, and the city, under its power of taxation, had a right to assess a due proportion of the cost of the sewer against the defendant's property by reason of the said benefit : Stroud v. Phila., 61 Pa. 255 ; Hammett v. Phila., 65 Pa. 146 ; Harrisburg v. Segelbaum, 151 Pa. 172.

" Of the necessity of the present sewer we cannot, of course, speak, nor are we required to do so. The councils are the sole judges of the necessities of sewers, and their judgment is conclusive : Michener v. Phila., 118 Pa. 535, 540.

" What is said in the case stated regarding the practice of the 'sewer clerk' issuing 'permits,' regardless whether or not any sewers existed, can have no effect in the determination of the present question, because it is not pretended that such clerk has the power to estop the councils of the city of Philadelphia from exercising their power of taxation. So, too, the action of the board of education, in connecting a schoolhouse with the defendant's private drain might have given the defendant a right of action against the city, but could in no way interfere with the right of the councils to lay public sewers and to assess their costs against properties specially benefited.

" Judgment is, therefore, entered in favor of the plaintiff upon the case stated."

*Error assigned* was in entering judgment for plaintiff on case stated.

*Joseph L. Tull*, for appellant, cited: Ordinance of June 20, 1863, sec. 9, page 190 ; Ordinance of May 12, 1866, sec. 8, page 145; City v. Verner, 20 Phila. 292 ; Phila. v. Potter, 5 Pa. C. C. 324 ; Harrisburg v. Segelbaum, 151 P. & R. 172.

*Howard Wurtz Page, of Page, Allinson & Penrose*, for appellee, cited : City v. Cadwalader, 20 W. N. C. 14; Weln v. Phila., 99 Pa. 330; City v. Tryon, 35 Pa. 401; Michener v. Phila. 118 Pa. 535; Stroud v. Phila., 61 Pa. 255 ; Phila v. Thomas, 152 Pa. 497 ; Hammett v. Phila., 65 Pa. 146 ; Erie v. Russell, 30 W. N. C. 26 ; Kosmak v. Mayor of New York, 22 N. E. Rep. 945 ; act of April 21, 1855, sec. 20, P. L. 269; Dillon on Municipal Corporations, 4th. ed., secs. 449, 465, 520 and 542; Addis v. Pittsburg, 85 Pa. 379 ; Bladen v. Phila., 60 Pa. 464; Reilly v. Phila., 60 Pa. 467 ; Hague v. Phila., 48 Pa. 527 ; McCracken v. San Francisco, 16 Cal. 591; Cross v. Morristown, 18 N. J. Eq. 305.

PER CURIAM, May 13, 1895 :

The judgment in this case is affirmed on the opinion of the learned court below.