[No. 10555. Department Two. April 28, 1913.]

G. H. FERRALL et al., Appellants, v. THE CITY OF SPOKANE et al., Respondents.[1]

MUNICIPAL CORPORATIONS—LOCAL IMPROVEMENTS—ASSESSMENTS— OBJECTIONS—WAIVER OF IRREGULARITY. Under Rem. & Bal. Code, § 7532, providing that a local assessment cannot be questioned by any person not filing written objection to the roll prior to confirmation, and § 7533, making confirmation conclusive on all persons not appealing, failure to file objections waives the right to contest any irregularities as to the improvement and assessment ordinances and the method of assessment.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered November 11, 1911, upon sustaining a demurrer to the complaint, dismissing an action for equitable relief. Affirmed.

Burcham & Blair, for appellants.

John E. Orr and Allen & Allen, for respondents.

MAIN, J.—This is an action to test the validity of an assessment for a local improvement.

To the plaintiffs' third amended complaint, a demurrer was sustained by the trial court. The plaintiffs elected to stand upon their complaint and refused to plead further. There-

[1]Reported in 131 Pac. 808.

upon a judgment was entered dismissing the action, from which the plaintiffs appeal.

On August 23, 1910, the city council of the city of Spokane passed an ordinance providing for the construction of what is known as the Fifth Ward trunk sewer, and that the same should be paid for by local assessment upon the property benefited. The boundaries of the district were fixed by ordinance. Thereafter an assessment roll was prepared, by which the property within the confines of the district was assessed upon the square foot basis. The assessment roll was confirmed by ordinance.

The complaint here for consideration is somewhat of a dragnet, voluminous and involved. Aside from the formal parts, the material allegations attacking the validity of the assessment appear to be as follows: First, that both the improvement and confirmation ordinances are invalid because they were passed containing an emergency clause as follows:

"Whereas, an emergency exists in which it is necessary for the immediate preservation of the public peace and safety that this ordinance shall become effective without delay, it is ordained that this ordinance shall be in force and effect from and after its passage."

It is alleged that this emergency clause does not meet the charter requirement relative to emergency ordinances, which is as follows:

"When an emergency exists in which it is necessary for the immediate preservation of the public peace, health or safety that an ordinance shall become effective without delay, such emergency and necessity and the facts creating the same shall be stated in one section of the bill . . ."

Second, it is alleged that the assessment is invalid in that it is made solely upon the basis of the area of the respective lots in the assessment district, regardless of their proximity or remoteness to the line of the sewer; and third, that the assessment is invalid because there was other property outside of the assessment district as defined by the ordinance

which could be drained into the sewer, but which was not assessed therefor.

It appears to be conceded that none of the plaintiffs filed any objections to the confirmation of the assessment roll by the city council after having received notice as provided by law. Neither does the complaint contain any charge of fraud. The allegations of the complaint question neither the ordinances nor the mode or manner of assessment on jurisdictional grounds, or the lack of power on the part of the council to pass the ordinances and to make the assessment. But the questions raised by the allegations question the regularity of the method by which the ordinances were passed, and the mode or manner of making the assessment.

The first and final question to be determined is the right of the appellants to maintain the present action. The respondents contend that the appellants, by reason of their failure to file objections to the confirmation of the assessment roll before the city council, have waived their right to object in this proceeding, and in this objection plant themselves upon the statutes of this state and the decisions of this court.

Section 7532, Rem. & Bal. Code, provides:

"Whenever any assessment-roll for local improvements shall have been prepared as provided by law, charter or ordinance of any city of the first class, and such assessment-roll shall have been confirmed by the council or legislative body of such city after due and proper notice to the property owner, as provided by law, charter or ordinance, so that said owners of property may have a reasonable opportunity to object to or protest against any assessment, the regularity and correctness of the proceedings to order said improvement, and the regularity, validity and correctness of said assessment cannot in any manner be contested or questioned in any proceeding whatsoever by any person not filing written objections to such roll, prior to the same being confirmed, as aforesaid, and at such time or times as may be prescribed by charter or ordinance."

This statute does not permit the regularity, validity or the correctness of an assessment roll to be questioned except by

persons filing written objections to the roll prior to its confirmation.

Section 7533, Rem. & Bal. Code, provides:

"The action of the council or other legislative body, hereinbefore mentioned in confirming such assessment-roll shall be conclusive in all things upon all parties not appealing therefrom in the manner and within the time hereinbefore mentioned, and no proceeding of any kind shall be commenced or prosecuted for the purpose of defeating or contesting any such assessment, or the sale of any property to pay such assessment or the foreclosure of any lien herein provided for: Provided, this section shall not be construed as prohibiting the bringing of injunction proceedings to prevent the sale of any real estate upon the grounds: (1) That the property about to be sold does not appear upon the assessment-roll, and (2) that said assessment has been paid."

This section makes the action of the city council in confirming the assessment roll conclusive upon all parties not appealing therefrom, except the two classes specified in the proviso, which are not material in this case. The language of these statutes is clear and positive. A person desiring to contest an assessment roll must conform with the provisions of these statutes; otherwise, he waives all irregularities, if any, in the passage of the ordinances providing for the improvement and the confirmation of the assessment roll and the method of assessment.

In *Collins v. Ellensburg*, 68 Wash. 212, 122 Pac. 1010, it was held, in an action to enjoin the city of Ellensburg from collecting a special tax or assessment for sewer construction, that the failure to initiate the improvement by a petition of the owners of one-fourth in value of the abutting property was a mere irregularity and not a jurisdictional defect. It is there said:

"It is self-evident that no irregularity can be successfully asserted in a suit to enjoin the collection of an assessment which would not constitute a valid defense to an action to foreclose the assessment. . . . The petition is not a jurisdictional prerequisite. To proceed without petition

was not to proceed without power. It was at most the exercise in an irregular manner of a power amply conferred. The legislature might have conferred the power without requiring any petition. There is no constitutional inhibition against such a course."

In *Rucker Brothers v. Everett*, 66 Wash. 366, 119 Pac. 807, 38 L. R. A. (N. S.) 582, which was an action begun for the purpose of annulling a local improvement assessment because the assessment upon the property there in question was in excess of the amount permitted by the city charter, it was held:

"A requirement of the law to be observed in levying a tax by taxing officers, which requirement could have been dispensed with by the law in the first instance, can become conclusive as to its observance, against the property owner, by the law awarding him a hearing thereon. That is what has been done by these statutes, which declare the effect of the decision upon such hearing in such comprehensive language as to render finally adjudicated against appellants the objections now made against the assessment."

The principle announced in these cases is decisive of the present action. The third amended complaint did not state a cause of action. The appellants, by failing to appear and file written objections before the city council to the confirmation of the assessment ordinance, thereby waived their right to contest any irregularities as to the improvement and assessment ordinances and the method of assessment.

The judgment will therefore be affirmed.

MOUNT, FULLERTON, MORRIS, and ELLIS, JJ., concur.